GREMILLION, Judge,
concurs.
hi agree with the majority’s conclusion that there exists a genuine issue of material fact as to whether an unreasonable risk of harm was presented by leaving the circuit breaker, which was known to be malfunctioning, in place. Thus, I concur with the majority’s opinion. However, the majority overreached in attempting to articulate issues of fact, which, in fact, do not exist.
First, the majority states that “Sun-stream had attempted to repair the breaker.” The trial court expressly found that there “is no evidence of any repair attempts.” Second, the majority cites the plaintiffs expert for the proposition that the accident was probably caused by “incorrect reassembly of the breaker.” The trial court referenced the same language in its reasons for judgment. However, it went on to conclude that “[tjhis opinion is not factually supported as it is clear that the breaker was never entered.” Third, the majority suggests that there is a genuine issue as to whether Sunstream should have placed a “warning label” on the breaker. Because the defendant in question neither manufactured nor owned the breaker, it clearly had no duty to place such a warning label. There is no evidence that the defendant would have been permitted to place a warning label on the breaker of which it had no guard, custody, or control. Accordingly, I concur in the result.